IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH THOMAS BECHTEL, | : | |
| Petitioner, | : | 1:15-cv-0770 |
| v. | : | Hon. John E. Jones III |
| | : | |
| VINCENT MOONEY, *et al.*, | : | |
| Respondents. | : | |

## **MEMORANDUM**

### June 28, 2016

Petitioner Joseph Thomas Bechtel ("Bechtel" or "Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, on April 20, 2015. (Doc. 1). Bechtel's petition is twofold. He seeks to overturn his Court of Common Pleas of Lebanon County Aggravated and Simple Assault convictions, and he challenges a Pennsylvania Board of Probation and Parole's ("PBPP") decision to deny him parole. (Doc. 1).

Upon preliminary review of the petition, *see* R. GOVERNING § 2254 CASES R. 4, Respondents and the District Attorney of Lebanon County were directed to file a response addressing the timeliness of the petition with respect to the challenge to his conviction. (Doc. 6, citing *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte* raise AEDPA's one-year statute of limitations (provided that the petitioner is provided

with notice and an opportunity to respond) set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). A response and memorandum of law seeking denial of the petition as untimely or, alternatively on the merits, was filed on October 16, 2015. (Doc. 22). Petitioner field a Traverse on November 23, 2015. (Doc. 26). For the reasons set forth below, the portion of the petition concerning his convictions will be denied as untimely.

The PBPP was also directed to file a response. (Doc. 7). A response (Doc. 19) and memorandum of law (Doc. 20) were filed on September 25, 2015. A Traverse (Doc. 21) was filed by Bechtel on October 9, 2015. For the reasons set forth below, the challenge to the PBPP's decision will be dismissed as moot.

**I.      Background**

Following a jury trial, Bechtel was convicted of two counts of Aggravated Assault in violation of 18 PA.CONS.STAT.ANN. § 2702 §§A1, A4, and two counts of Simple Assault in violation of 18 PA.CONS.STAT.ANN § 2701, §§ A1, A3. (Doc. 1, p. 1; Doc. 22-2, pp. 3-5). On December 20, 2006, he was sentenced to a seven to twenty year term of incarceration in a state correctional facility. (Doc. 22-2, p. 4).

On January 19, 2007, he filed a timely notice of appeal with the Superior Court of Pennsylvania. (Doc. 22-2, p. 15). *See also* Superior Court electronic

docket, 166 MDA 2007, found at https://ujsportal.pacourts.us.  The Superior Court affirmed the judgment of sentence on December 21, 2007.  No further action was taken on the direct appeal.

Bechtel filed a petition for post-conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA.CONS.STAT.ANN. §§ 9541-46, on January 20, 2009.  (Doc. 22-2, p. 20).  The PCRA court reinstated his direct appeal rights on or about May 19, 2009, and, on May 21, 2009, he filed his direct appeal. (*Id.* at 21).  *See also* Superior Court electronic docket, 885 MDA 2009, found at https://ujsportal.pacourts.us.  The Superior Court affirmed the judgment of sentence on June 8, 2010.  *See* Superior Court electronic docket, 885 MDA 2009.

On November 23, 2010, Petitioner filed a second PCRA petition, (Doc. 22-2, p. 23), which was denied on March 20, 2012.  (Doc. 22-27).  On November 19, 2012, the Superior Court affirmed the PCRA court's denial of relief.  (Doc. 22-31). Petitioner launched no further challenges to his convictions in state court.

Bechtel attended several parole hearings during his incarceration.  (Doc. 1, pp. 24-29).  Pertinent to this action is the February 2, 2015 Notice of Board Decision.  (*Id.* at 28-29).  At that time, parole was denied based on the following factors:  "Your minimization/denial of the nature and circumstances of the offense(s) committed. Your refusal to accept responsibility for the offense(s)

committed. Other factors deemed pertinent in determining that you should not be paroled:  A longer period of positive adjustment is required for you to continue to gain further insight into your criminal actions. The negative recommendation made by the prosecuting attorney." (*Id.* at 28).

Bechtel filed the instant petition on April 20, 2015.  (Doc. 1).   He has since been released from custody.  (Docs. 29, 30).

## II. Discussion

### A. Challenge to State Court Judgment

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d) (1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Petitioner was sentenced on December 20, 2006. His reinstated direct appeal proceedings concluded on June 8, 2010, when the Superior Court affirmed his judgment of sentence. His time for further pursuit of direct appeal proceedings expired on July 8, 2010. The one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the federal petition, which was filed on April 20, 2015, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

    1.    <u>Statutory Tolling</u>

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations in the matter *sub judice* began running on July 8, 2010. Bechtel's second PCRA petition, filed on November 23, 2010, tolled the statute. It remained tolled until November 19, 2012, the date on which the Superior Court affirmed the PCRA court's denial of relief. *See Swartz v. Meyers*, 204 F.3d 417, 420, 424 (3d Cir. 2000) (holding that the AEDPA statute of limitations is tolled between a ruling on a PCRA petition and a timely appeal). Approximately 137 days elapsed at the time Petitioner filed his second PCRA petition on November 23, 2010. That petition was denied on November 19, 2012, and the statue remained tolled until December 12, 2012, when the time for seeking review by the Pennsylvania Supreme Court expired. At that time, approximately 228 days remained, and, in order to effectively toll the statute, it was necessary for him to file his federal petition before the expiration of the 228 day period. Nothing was filed and, as a result, the statute expired. The federal petition which was received in this court on February 23, 2015, was filed after the expiration of the limitations period. Consequently, the AEDPA statute of limitations is not subject to statutory tolling.

    2.    <u>Equitable Tolling</u>

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his

rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Review of the state court electronic docket reveals that Petitioner failed to exercise reasonable diligence throughout the limitations period he seeks to toll. He provides no explanation for his delinquency in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit of federal habeas relief. Instead, he attempts to overcome the bar by asserting that he is actually innocent. (Doc. 26, p. 1). In support of his actual innocence claim he relies on *McQuiggan v. Perkins*, — U.S. —, 133 S.Ct. 1924 (2013), which holds that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* [*v. Delo*, 513 U.S. 298 (1995)] and *House*, [*v. Bell*, 547 U.S. 518 (2006)] or, as in this case,

expiration of the statute of limitations." (*Id.* at 1928). However, the court cautioned that "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851." *Id.* Because Bechtel concedes "there is no new evidence as to his actual innocence" he is unable to avail himself of the exception set forth in *McQuiggan*. (Doc. 26, p. 1). Consequently, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

    3.    <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this portion of the petition debatable. Accordingly, no COA will issue.

    **B.    Challenge to PBPP Decision**

Bechtel challenges the PBPP's February 2, 2015 decision to deny him parole. Because he has been released from custody, this portion of the petition is rendered moot. *See Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001) ("Article III of the Constitution grants the federal courts the power to adjudicate only actual, ongoing cases or controversies."); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's

personal stake in the merit of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

## III. <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus will be denied in part and dismissed in part.

An appropriate order will issue.